JOHN E. GOOD *vs.* CARLOS L. ROGERS, Deputy Sheriff.

M, executed a bill of sale of a store and contents to G., in which the considera-
tion was expressed to be the sum of $500, and in which, following the de-
scription of the property sold, was this stipulation : "and I hereby agree to
keep said store and contents insured at not less than fifteen hundred dollars
against fire, or to permit said G. to do the same. Said five hundred dollars to
be paid in two notes of $250 each, and when paid said G. is to sell back to this
grantor."

*Held*, that the bill of sale was by its terms a mortgage.

*Held*, further, that the property covered by the bill of sale while in the possession
of M. and redeemable at law or in equity, was subject to attachment for M.'s
debts. Pub. Stat. R. I. cap. 208, § 4.

A mortgagee of personal property has the immediate right of possession unless
there is some stipulation to the contrary in the mortgage.

DEFENDANT'S petition for a new trial.

Replevin ·for a store, stock and fixtures. · The plaintiff
Good, claimed title as mortgagee under a bill of sale made to
him by one Daniel H. Maloney, in which the consideration
was expressed to be the sum of $500, and in which, immedi-
ately after the description of the property sold, was the fol-
lowing stipulation, viz., "and I hereby agree to keep the
said store and contents insured at not less than fifteen hun-
dred dollars against fire, or to permit said Good to do the
same. Said five hundred dollars to be paid in two notes of
$250 each, and when paid said Good is to sell back to this
grantor."

The defendant who was a deputy sheriff and had attached
the goods under a writ against Maloney, pleaded property in
Maloney and also *non cepit.*

At the trial of the cause in the Common Pleas Division

the defendant requested the court to charge the jury as follows :

1. "The bill of sale is a mortgage, given to secure two promissory notes, and that the same was liable to attachment as the property of Daniel A. Maloney until possession was taken under the mortgage."

2. "The plaintiff, being the mortgagee of Daniel A. Maloney under the bill of sale, was not entitled to take possession until condition broken which was on the failure of said Maloney to pay said notes."

The court refused both requests and the defendant excepted.

*March* 2, 1895. Per CURIAM. The court is of opinion that the first request should have been granted. The bill of sale referred to was clearly a mortgage, both by its terms and by the testimony of the plaintiff himself. It did not purport to be and was not intended to be for the absolute transfer of the property, but only for security. The property covered by it, therefore, like any mortgaged property "in the possession of the mortgagor, and while the same is redeemable at law or in equity[1]" was subject to attachment for the debts of the mortgagor.

The second request was properly refused. The mortgagee has an immediate right of possession unless there is some stipulation in the mortgage to the contrary. Jones on Chattel Mortgages, § 426.

The exception to the first refusal to rule as requested is sustained ; the second is overruled.

The petition for a new trial is granted. Case remitted to the Common Pleas Division.

*Hugh J. Carroll*, for plaintiff.

*Claude J. Farnsworth*, for defendant.

---

[1] Pub. Stat. R. I. cap. 208, § 4, is as follows :

SEC. 4. Personal estate, when mortgaged and in the possession of the mortgagor, and while the same is redeemable at law or in equity may be attached on mesne process against the mortgagor, in the same manner as his other personal estate.